NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1142 & 09-2191

_____

SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

v.

JOHN J. KORESKO, V., et al.,

Appellant in 09-1142

_____

SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

v.

JOHN J. KORESKO, V., et al.,

Appellant in 09-2191

_____

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Nos. 04-mc-0074 and 06-mc-0192  )
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 22, 2010
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges.
(Filed: April 26, 2010)

_____

1

## OPINION

WEIS, Circuit Judge.

John J. Koresko is the president of both the Koresko Law Firm and Penn-Mont, a Pennsylvania corporation that administers a death benefit plan and markets it to businesses. Although Koresko's death benefit operation has undergone several name changes since its inception, it always employs an archetypic death benefit plan ("the Plan"), a corresponding trust, and an unincorporated association of employers.

To participate in the Plan, an employer must join the unincorporated association, pay dues, and execute an adoption agreement. The latter allows employers to set the type and amount of benefits offered to participating employees, who can name their own beneficiaries. Employers make contributions by sending checks to Penn-Mont, which deposits them in a trust. The trust, in turn, purchases policies on the life of participating employees. When a participant dies, his or her beneficiary submits a claim, which Penn-Mont resolves.

In 2003, the Secretary of Labor began investigating possible ERISA violations and the following year issued subpoenas to Koresko and his associated entities ("Koresko" or "the Koresko parties"). Koresko contended the subpoenas were invalid for a variety of reasons. The District Court disagreed, granted the Secretary's petition to enforce them, and found Koresko in contempt. We affirmed. Chao v. Koresko, Nos. 04-

2

3614, 05-1440, 05-1946, 05-2673, 2005 WL 2521886 (3d Cir. Oct. 12, 2005) ("Koresko I"). In a separate, but related matter, we held that, because of statutory privacy restrictions imposed upon financial institutions, the bank as trustee was not subject to the subpoenas absent a showing by the Secretary that jurisdiction had been established. Chao v. Cmty. Trust Co., 474 F.3d 75, 87-88 (3d Cir. 2007).

The Secretary issued new subpoenas to the Koresko parties in 2006, based upon changes made to their operations in 2004 and 2005 and her belief that Koresko had not completely complied with the 2004 subpoenas. Koresko challenged these subpoenas as well. On December 9, 2008, the District Court ordered enforcement for five of six categories of documents requested by the Secretary, including: materials requested, but not produced, in the 2004 subpoenas involving a Koresko Law Firm bank account and bank statements and transactional documents relating to death benefit accounts; information regarding employers who participated in the Plan after the 2004 and 2005 changes; "documents concerning bank accounts and the monthly trustee reports" of the trust used after the 2004 and 2005 modifications; an "electronic database containing death benefit account information[;]" and material relating to the current Plan. Koresko appealed that order at Docket 09-1142, and the District Court stayed the subpoena enforcement proceedings pending the appeal's outcome.

In March 2009, the Secretary filed a civil suit against the Koresko parties alleging ERISA violations. That matter was assigned to a different district judge and is

currently on appeal before this panel at Docket 09-2192.

Koresko asked the District Court assigned to the subpoena enforcement matter to hold the Secretary in contempt for initiating the ERISA action while the stay of the enforcement proceedings was still in effect. The District Court denied Koresko's request in April 2009, and Koresko appealed at Docket 09-2191.

We have consolidated and now address the appeals at Docket 09-1142 (involving the enforcement order) and Docket 09-2191 (concerning the denial of contempt).[1] Despite the consolidation, the Koresko parties' principal brief only argues against the subpoenas' enforcement. We have already upheld the legality of the 2004 subpoenas and reject arguments to reopen that matter.

Koresko's contentions with respect to the 2006 subpoenas substantially repeat those we considered and rejected in Koresko I. We have reviewed the various other claims of error raised by Koresko and find them to lack merit. We are thus persuaded that the District Court properly exercised its discretion in granting enforcement of the 2006 subpoenas. See FDIC v. Wentz, 55 F.3d 905, 908 (3d Cir. 1995) ("we will affirm an order enforcing an agency's subpoena unless we conclude that the district court has abused its discretion").

Accordingly, the Orders of the District Court will be affirmed. We respectfully suggest that all of the Koresko litigation be assigned to one district judge.

---

[1] We address the appeal at Docket 09-2192 in a separate Opinion.